**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DIRECTV, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   CASE NO: 1:22-cv-02817-GLR |
| SYNMATIX, L.L.C., TENCOMM LLC, SYED | ) |
| SAMI UL HASSAN, SYED FAISAL ABBAS, | ) |
| ANZIL NADEEM, XYZ COMPANIES 1-10, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**STIPULATED PROTECTIVE ORDER REGARDING
THE HANDLING OF CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation and agreement by Plaintiff DIRECTV, LLC ("DIRECTV") and Defendants Synmatix, L.L.C., Syed Sami Ul Hassan, and Syed Faisal Abbas (collectively, "Defendants") (together, the "Parties"), and for good cause shown, IT IS HEREBY ORDERED that this Protective Order shall control the disclosure, dissemination, and use of confidential information in this lawsuit:

1.  <u>Scope of Order</u>.  This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties in response to any discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests to admit and deposition transcripts and exhibits), all information contained in those materials, all information and materials produced by the Parties pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, all copies, excerpts, or summaries of those materials, and materials produced by any third parties in response to a subpoena or otherwise (collectively, "Discovery Material").

132627903.3

2.      <u>Designation of Confidential Discovery Material</u>.  A Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, including:

a.      Information and materials that a Party reasonably believes contain or refer to information that is not generally available to or accessible by the general public, that a Party believes contain or refer to confidential information of third parties, information protected by a statute, rule or regulation, trade secrets or other confidential business information including, but not limited to, research, development, business or financial information, or other confidential and/or proprietary analyses, company guidelines, policies and procedures, market analyses, business valuations, audit reports, commercial information, sales information, customer proprietary network information, customer lists and non-public agreements with third parties, materials memorializing or relating to sensitive third party business relationships;

b.      all documents created in response to or as a part of governmental inquiries;

c.      all training policies, procedures, or documents related to security and fraud mitigation practices;

d.      Discovery Material reflecting or relating to financial data including, but not limited to, documents concerning revenues, costs, and profits; and

e.      Discovery Material that, if disclosed to a business competitor, would tend to damage the Party's competitive position.

132627903.3

3.     Method of Designating Material as CONFIDENTIAL.

a.     Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document.  Multi-paged Discovery Material must be stamped "CONFIDENTIAL" on each page so designated.  If the Discovery Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner.  Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

b.     If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material.  The Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Discovery Material.  All original or other non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

c.     Information conveyed or discussed in deposition testimony or legal proceeding, in court or before an arbitrator, may be designated CONFIDENTIAL by an indication on the record at the deposition or legal proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days

3

132627903.3

after receipt of the transcript of the deposition or legal proceeding.  Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control.  While the twenty-one (21) day period is pending, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

4.     <u>Material Designated ATTORNEYS' EYES ONLY</u>.  A Party may designate Discovery Material that it deems highly confidential as being ATTORNEYS' EYES ONLY, following the same procedure set forth in section 3 above.  Designation of ATTORNEYS' EYES ONLY Discovery Material shall be made by stamping or writing the legend "ATTORNEYS' EYES ONLY" on the document.  Multi-paged Discovery Material must be stamped "ATTORNEYS' EYES ONLY" on each page so designated.  Only the attorneys for the Parties and Plaintiff's in-house counsel may review materials designated ATTORNEYS' EYES ONLY.  The attorneys may not share these documents or the information contained in these documents with the Parties or any third party.

5.     <u>Failure to Designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>. The failure of a Party to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The Parties understand and acknowledge that a Party's failure to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" relieves the other Party of any obligation of confidentiality until such a designation is made.  Promptly after any such designation, the receiving Party shall mark

132627903.3

with the appropriate legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any such designated documents, and all documents containing any such designated information will be thereafter appropriately treated in accordance with this Order.

6. <u>Use of Discovery Material, CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material</u>.  All Discovery Material including, but not limited to, CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material, may be used solely in accordance with this Order and any agreements executed by the Parties.  Any person found to have made an impermissible use of Discovery Material may be subject, without limitation, to civil and criminal penalties for contempt.

CONFIDENTIAL Discovery Material may be disclosed to the following persons:

    i.   any court before which this or a related action is pending;

    ii.   the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

    iii.   outside counsel representing the Parties, Plaintiff's in-house counsel, and their respective support personnel whose functions require access to such CONFIDENTIAL Discovery Material;

    iv.   any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

    v.   outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

vi.    court reporters and other persons engaged in preparing transcripts of testimony or hearings in this Lawsuit;

vii.   members of law enforcement pursuant to a formal request;

viii.  experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

ix.    any other person who is so designated by order of any court before which this action is pending, or by agreement of the producing party.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (iv), (viii), and (ix) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as **Exhibit A**, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

ATTORNEYS' EYES ONLY Discovery Material may be disclosed to the following persons:

i.     any court before which this action is pending and any court to which an appeal in this action may arise;

ii.    members of law enforcement pursuant to a formal request; and

iii.   outside counsel representing the Parties, Plaintiff's in-house counsel, and their support personnel, including paralegals, whose functions require access to such material.

132627903.3

7.     <u>Use of CONFIDENTIAL Discovery Material at Deposition</u>.   Any Party may use CONFIDENTIAL Discovery Material pursuant to the terms of this Order as an exhibit in a deposition, subject to such exhibit being marked as CONFIDENTIAL.   If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.   Each deposition shall be treated as CONFIDENTIAL without need for designation until twenty-one (21) days after each Party has received a copy of the transcript, at which point a Party may designate portions of the transcript as "CONFIDENTIAL" Discovery Material.

8.     <u>Use of ATTORNEYS' EYES ONLY Discovery Material at Deposition</u>.   A Party may use ATTORNEYS' EYES ONLY Discovery Material pursuant to the terms of this Order as an exhibit in a deposition only when the deponent is the Party or a current officer, director, or employee of the Party that produced the ATTORNEYS' EYES ONLY Discovery Material or is expressly exempt as set forth in Paragraph 12, below, subject to such exhibit being marked ATTORNEYS' EYES ONLY.   If deposition testimony concerning ATTORNEYS' EYES ONLY Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.   Each deposition in which ATTORNEYS' EYES ONLY Discovery Material are used shall be treated as ATTORNEYS' EYES ONLY without need for designation until twenty-one (21) business days after the producing Party has received a copy of the transcript, at which point

the producing Party may designate portions of the transcript as "ATTORNEYS' EYES ONLY" Discovery Material.

9.      <u>Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery Material</u>.  If a Party or other authorized person is in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material who is not the producing Party with respect to that Material and receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material in connection with a civil proceeding, he/she/it shall immediately give written notice to counsel for the producing Party identifying the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material sought and the date and time production or other disclosure is required.  Further, third-parties who receive a subpoena in this lawsuit from a Party for information and materials that qualify as CONFIDENTIAL or ATTORNEYS' EYES ONLY may designate the materials in accordance with and be bound by the governing provisions of this Order.

10.     <u>Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Material Under Seal</u>.  Whenever any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any pleading or other court-filing containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information is filed by the non-producing Party, the Party marking such filing must simultaneously submit a motion and accompanying order pursuant to L.R. 105.11.

11.     <u>Challenges to Designation of Discovery Material as "CONFIDENTIAL"</u> or <u>"ATTORNEYS' EYES ONLY."</u>  A Party who receives Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may challenge the designation at any time by motion directed to this Court.  In the event a designation is challenged, the

8

party who designated the document(s) or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of proof that such documents and/or information contain or consist of trade secrets, confidential proprietary business information or are otherwise subject to protection pursuant to applicable law.  The Parties agree to honor the designation of any such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

12.   Exemptions for Authors and Material Independently Obtained or Publicly Available.

a.   Nothing in this Protective Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Protective Order or obligation or are in full compliance with such Protective Order; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

b.   Nothing in this Protective Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons as appear on the face of the document to have authored or received a copy of the Discovery Material from any source, their attorney(s) or other third-parties at the direction and/or with the approval of such persons.

c.   Nothing in this Protective Order shall be deemed to prohibit disclosure of a deposition transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," to the

deponent who provided the testimony at issue and/or to the deponent's designated attorney(s).

d.   Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that contain summaries or details of purchase and/or sales transactions designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the individuals or entities involved in the transaction and to their attorney(s).

e.   Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Party producing such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

13.   <u>No Waiver of Objections</u>.  Nothing in this Protective Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

14.   <u>No Waiver of Privilege</u>.

a.   The terms of this Protective Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

b.   The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production.  Upon written request by the producing

132627903.3

Party, the receiving Party shall: (a) return the original and all copies of such inadvertently produced privileged documents; (b) shall not review, copy or disseminate the privileged documents or information; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

15. <u>No Admission</u>. Entry of this Order and any stipulation therefore, and any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall not be deemed an admission, waiver or agreement by either Party to a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder nor to the merits of any claims or defenses raised in this lawsuit.

16. <u>Court Retains Jurisdiction</u>. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary.

17. <u>Post-Action Treatment of CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material</u>. Unless otherwise agreed to in writing by the Parties, no later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person (including any Party and the Clerk of Court) possessing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall return all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material, including all copies, extracts, and summaries, to the producing Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served

132627903.3

or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

18. <u>Continuing Effect of this Protective Order.</u>  Neither the final disposition of this lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Protective Order except as expressly agreed by the Parties in a fully executed writing.

19. <u>Modification of this Protective Order.</u>  Any Party may apply to the Court for modification of this Protective Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.  Nothing in this Protective Order shall preclude the Parties from moving to amend or modify this Protective Order by stipulation, so long as any such modification or amendment is in a signed writing.  The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

20. <u>Entry and Enforcement of Protective Order by the Court.</u>  The Parties stipulate to this Protective Order for entry by the Court and agree to be bound by the terms effective as of the date the Stipulation for Entry of a Protective Order was fully executed by the Parties, as if the Protective Order had been entered on that date.  The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material pursuant to this Protective Order who discloses or uses the CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery

Material for any purpose other than as authorized by this Protective Order or who otherwise violates the terms of this Order.

21. <u>A Non-Party's Protected Material Sought to be Produced in This Litigation.</u> The terms of this Protective Order are applicable to information produced by a Non-Party (defined for purposes of this Protective Order as "any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action") in connection with this action and designated by the Non-Party or by any Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order and considered Discovery Material under this Agreement.

IT IS SO ORDERED.

Done and Ordered this _____ day of _____, 2023.

_____
**HON. GEORGE LEVIL RUSSELL, III**
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF DIRECTV, LLC**

**CARLTON FIELDS, P.A.**

<u>/s/  Gail Podolsky</u>
Gail Podolsky, Maryland Bar No. 30455
1201 West Peachtree Street, Suite 3000
Atlanta, GA 30309
(404) 815-3400
(404) 815-3415 (fax)
Email: gpodolsky@carltonfields.com
*Attorneys for DIRECTV, LLC*

132627903.3

Benjamin M. Stoll, Maryland Bar No. 20696
1025 Thomas Jefferson Street, NW Suite 400 West
Washington, DC 20007-5208
(202) 965-8100
(202) 965-8104 (fax)
Email: bstoll@carltonfields.com

Stacey K. Sutton
1025 Thomas Jefferson Street, NW Suite 400 West
Washington, DC 20007-5208
(202) 965-8100
(202) 965-8104 (fax)
Email: ssutton@carltonfields.com


**FOR DEFENDANTS SYNMATIX, HASSAN, AND ABBAS**

/s/ William S. Heyman
William S. Heyman, Bar No. 23036
Heyman Law Firm
201 N. Charles Street, Suite 1100
Baltimore, MD 21201
(p) (410) 762-0141
(f)  (410) 762-0142
wheyman@heymanfirm.com
*Attorneys for Defendants Synmatix, LLC, and*
*Syed Sami Ul Hassan*

/s/ Jan I. Berlage
Jan I. Berlage, Bar No. 23937
GOHN HANKEY & BERLAGE LLP
201 North Charles Street, Suite 2101
Baltimore, MD 21202
p): 410-752-1261
f): 410-752-2519
jberlage@ghsllp.com
*Attorneys for Defendant Syed Faisal Abbas*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DIRECTV, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO: 1:22-cv-02817-GLR |
| SYNMATIX, L.L.C., TENCOMM LLC, SYED | ) |
| SAMI UL HASSAN, SYED FAISAL ABBAS, | ) |
| ANZIL NADEEM, XYZ COMPANIES 1-10, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court of Maryland in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties, including contempt of court.

132627903.3

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____   _____
                        Signature

132627903.3